UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                    Case No. 08-46986-CEC

Christina Fasarakis,                                                            Chapter 7
                         Debtor.
------------------------------------------------------------x
Alan Nisselson, Trustee for the Chapter 7 Estate
of Christina Fasarakis,
                         Plaintiff,
                                                                                Adv. Pro. No. 09-1009-CEC

               -against-

Christina Fasarakis,
                         Defendant.
------------------------------------------------------------x

## DECISION

Appearances:

Leslie S. Barr, Esq.                        George Poulos, Esq.
Windels, Marx, Lane & Mittendorf, LLP    29-16 23rd Avenue
156 West 56th Street                   Astoria, NY 11103
New York, NY 10019                 Attorney for Defendant
Attorney for Plaintiff

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Alan Nisselson, the Chapter 7 Trustee ("Plaintiff" or "Trustee"), for summary judgment on the first claim for relief in his complaint against Christina Fasarakis ("Defendant" or "Debtor"), seeking a turnover of the Defendant's 2008 federal and state income tax refunds as property of the Defendant's bankruptcy estate pursuant to §§ 521(a)(4) and 542(a)[1] ("Complaint").  The Defendant filed an Opposition to the Plaintiff's Motion for Summary Judgment ("Opposition"), arguing that the portions of the tax refunds attributable to Earned Income Credits and Child Tax Credits are not property of the estate, or that those portions are exempt as public assistance benefits under N.Y. Debtor & Creditor Law ("Debt. & Cred. Law") § 282.  For the reasons set forth below, the Trustee's motion for summary judgment is granted.

## Jurisdiction

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (E), 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1986.  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Facts

The following material facts in this case are undisputed.

On October 17, 2008, the Defendant filed a voluntary petition for relief under Chapter 7.  The Trustee commenced an action against the Defendant on January 13, 2009 seeking a judgment denying the Defendant's discharge under §§ 727(a)(2)(B) and 727 (a)(4)(A), and compelling the Defendant to turnover her anticipated 2008 federal refund in the approximate

---

[1] Unless otherwise indicated, statutory citations are to provisions of Title 11, U.S.C.

2

amount of $5,112 and her anticipated 2008 New York State refund in an undetermined amount (collectively, the "Tax Refunds").[2] Defendant did not list the Tax Refunds as personal property on Schedule B, or as exempt on Schedule C. On February 7, 2009, Defendant filed an amended Schedule B, to include the Tax Refunds as personal property, and an amended Schedule C to claim exemptions in the Tax Refunds in an aggregate amount of $7,652.00. On February 17, 2009, Defendant filed an Answer and Counterclaim asserting that a portion of the Tax Refunds consists of Earned Income Credits ("EICs") and Child Tax Credits ("CDCs") and is therefore not property of the estate. On February 27, 2009, Plaintiff filed an Answer to Defendant's Counterclaims and Objection to Claimed Exemption for Tax Refunds. The Trustee seeks summary judgment denying the exemption, and seeks turnover of the Tax Refunds less the $2,500 cash exemption provided for by N.Y. Debt. & Cred. Law § 283(2)[3].

### Standard for Summary Judgment

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

---

[2] The Defendant's 2008 federal and state tax returns ("2008 Returns") were submitted as an attachment to the Opposition and reflect a federal tax refund for the 2008 tax year in the amount of $5,193, and a state refund in the amount of $1,744. (Hearing Tr. 8:15-18).

[3] Section 283 provides that a debtor who "does not elect, claim, or otherwise avail himself of" the homestead exemption under CPLR § 5206 or who does not "utilize[] to the fullest extent" the personal property exemption under CPLR § 5205, "may exempt cash in the amount of" $2,500, including "the right to receive a refund of federal, state and local income taxes, and deposit accounts in any state or federally chartered depository institution. N.Y. Debt. & Cred. Law § 283(2).

(1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." Id. at 248. No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, if "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994) (citation omitted).

Arguments

The Defendant presents several arguments in support of her position that the portions of the Tax Refunds attributable to EICs and CTCs (the "EIC and CTC Funds" or "the Funds") are not property of the estate. First, the Defendant argues that the EIC and CTC Funds are not property of the estate because she did not file the claims for the tax credits until after she commenced her bankruptcy case, and thus did not have an interest in the EIC and CTC Funds at the commencement of her case. Alternatively, the Defendant argues, based on In re Searles, 445 F. Supp 749 (D. Conn. 1978), that even if the EIC and CTC Funds are property of the estate under § 541(a)(1), they are exempt as public assistance grants pursuant to N.Y. Debt. & Cred. Law § 282(2)(a).

The Plaintiff argues that the Tax Refunds are property of the estate as defined by §541(a)(1) and that the Defendant's claimed exemptions in portions of the Tax Refunds are not permitted under New York law.

Discussion

A. The EIC and CTC Funds Are Property Of The Estate

Section 541 broadly defines property of the bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); see United States v. Whiting Pools, Inc., 462 U.S. 198, 204-205 (1983) (the "House and Senate Reports on the Bankruptcy Code indicate that § 541(a)(1)'s scope is broad"). Pursuant to § 542(a), property of the estate not abandoned by the trustee or exempted by statute must be turned over to the trustee for administration. 11 U.S.C. § 542(a). The Defendant argues that under § 541(a)(1), the EIC and CTC Funds are not property of the estate because the Debtor did not have an interest in the Funds until she submitted her claim for the Funds, which occurred after she commenced her bankruptcy case.

The Debtor's argument has no merit. The proposition that the Debtor's interest in the Funds did not arise until she filed a claim for the Funds post-petition is at odds with the broad interpretation given to § 541(a)(1). "Property of the estate" includes all pre-petition interests of a debtor, including inchoate, contingent interests and assets not in the debtor's possession at the time of filing. Segal v. Rochelle, 382 U.S. 375, 379 (1966) ("The term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed."). "By including all legal interests without exception, Congress indicated its intention to include all recognizable interests although they may be contingent and not subject to possession until some future time." Rau v. Ryerson (In re Ryerson), 739 F.2d 1423, 1425 (9th Cir. 1984) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 175-76 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6136). Because "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the

reach of § 541," whether the Defendant filed her claims to collect the Funds before or after the commencement of the case is irrelevant. In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993); Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008).  For this reason, "[w]ages for services rendered by the debtor prior to the bankruptcy filing are rooted in his pre-bankruptcy past and become property of the estate even if paid subsequent to his bankruptcy filing." Jackson v. Novak (In re Jackson), No. 08-4927, 2010 U.S. App. LEXIS 1418, at *13 (2d Cir. Jan. 22, 2010) (Summary Order) (citing Forker v. Irish (In re Irish), 311 B.R. 63, 66 (B.A.P. 8th Cir. 2004)).  By the same token, funds paid to the Debtor on account of tax credits attributable to the pre-petition period constitute property of the estate even if paid to her post-petition.

B. The EIC and CTC Funds Are Not Exempt As Public Assistance Grants

The Debtor also argues that the portions of the Tax Refunds attributable to EICs and CTCs, even if property of the estate, are exempt from administration.  Section 522(b) allows a debtor to claim certain property as exempt from administration by the trustee. 11 U.S.C. § 522(b).  On May 17, 1982, pursuant to § 522(b)(2), New York opted out of the federal exemption scheme, limiting debtors domiciled in the state of New York to exemptions provided by New York state law.  CFCU Cmty. Credit Union v. Hayward, 552 F.3d 253, 258-259 (2d Cir. 2009); John T. Mather Mem'l Hosp. v. Pearl, 723 F.2d 193, 194 (2d Cir. 1983); see N.Y. Debt. & Cred. Law § 282.

In New York, exemption of property from the bankruptcy estate is governed by N.Y. Debt. & Cred. Law § 282, which provides, in relevant part, as follows:

> Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate,

> . . . only (i) personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, (ii) insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law and (iii) the following property:
>
> 2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: (a) a social security benefit, unemployment compensation or a local public assistance benefit[.]

N.Y. Debt. & Cred. Law § 282(2)(a).

The Defendant contends that the EIC and CTC Funds are exempt as public assistance benefits under N.Y. Debt. & Cred. Law § 282(2)(a), which permits a debtor to claim an exemption in "a social security benefit, unemployment compensation or a local public assistance benefit." N.Y. Debt. & Cred. Law § 282(2)(a). In making this argument, the Defendant takes the position that the "local public assistance benefit" exemption provided by N.Y. Debt. & Cred. Law § 282 should be read to include all public assistance benefits, whether local or not, because subsection (*l*) of section 5205 of the CPLR, effective January 1, 2009, which provides an exemption for certain bank accounts into which "statutorily exempt payments" have been made, states that "[f]or the purposes of this article, 'statutorily exempt payments'" includes "public assistance." CPLR § 5205(*l*)(2). In other words, the Defendant argues that the word "local" should be read out of the statutory language "local public assistance benefit" appearing in N.Y. Debt. & Cred. Law § 282, because CPLR § 5205 was amended as of January 1, 2009 to provide a separate exemption for bank accounts containing certain other public assistance benefits. The Defendant also argues that, although the Defendant's bankruptcy petition was filed on October 17, 2008, the amendment is applicable in this case because the EIC and CTC Funds were not received until after January 1, 2009.

The Defendant's latter argument is contrary to § 522(b)(3)(A), which "governs the date on which . . . exemption[s] come[] into play." Hayward, 552 F.3d at 259 (holding that the amendment to CPLR § 5206, which increased the allowable homestead exemption from $10,000 to $50,000 may be invoked by debtors who file for relief after the effective date of the amendment). While New York state law provides the allowable exemptions, federal law governs the date of effectiveness. Id. Section 522(b)(3)(A) provides that "[d]ebtors may exempt 'any property that is exempt under . . . State or local law that *is applicable on the date of filing of the petition*." Id. at 258-259 (quoting 11 U.S.C. § 522(b)(3)(A)) (emphasis added). Therefore, when the Defendant received the Funds is irrelevant. The Debtor filed for bankruptcy on October 17, 2008, before the effective date of CPLR § 5205(*l*), and in accordance with § 522(b)(3)(A), the amendment can have no application in this case.

The Defendant's argument that the statutory phrase "local public assistance" in N.Y. Debt. & Cred. Law § 282(2)(a) should be read as "public assistance" because of the 2009 amendment to CPLR § 5205 must also be rejected. Although CPLR § 5205(*l*) defines "statutorily exempt payment" to include public assistance, section (*l*)(2) limits the application of the definition "[f]or the purposes of this article." CPLR § 5205(*l*)(2). Further, the exemption for "public assistance" benefits provided for by CPLR § 5205(*l*) is limited to $2,500 "reasonably identifiable as statutorily exempt payments" that are directly deposited into a debtor's account during the 45 days preceding the date of service on the bank of a restraining notice. CPLR § 5205(*l*)(1). There is no basis to conclude that the statutory exemption of N.Y. Debt. & Cred. Law § 282(2)(a) should be read to include anything other than "local public assistance benefits."

Although the Defendant did not argue that the Funds are exempt as local public assistance pursuant to N.Y. Debt. & Cred. Law § 282, that issue was before the bankruptcy court in the Western District of New York in In re Garrett, 225 B.R. 301, 303 (Bankr. W.D.N.Y. 1998).  The Debtor in Garrett relied on Searles, 445 F. Supp. 749, arguing that earned income credits as well as child and dependent care credits received as part of her federal and state tax refunds were designed for poverty relief and therefore exempt under N.Y. Debt. & Cred. Law § 282.  The court found Searles to be inapplicable, pointing out that "the debtor in [Searles], filed her petition under the Bankruptcy Act, which applied a completely different definition of property."  Garrett, 225 B.R. at 302 (citing 11 U.S.C. § 110(a)(5)).  The Court rejected the debtor's argument that the tax credit payments may be considered "local public assistance" under N.Y. Debt. & Cred. Law § 282, stating that:

> Although they may serve a similar purpose, the tax credits at issue are simply not included within this list of designated benefits. More specifically, Ms. Garrett's tax refunds do not derive as a benefit under the Social Security Act; they do not arise by reason of any unemployment; they are payable from federal and state tax agencies, not from any local governmental unit.

Id. at 303.  For the reasons articulated by the Garrett court, the Funds are not exempt as "local public assistance."

9

## Conclusion

The Plaintiff's motion for summary judgment is granted. A separate order shall issue herewith.



**Dated: Brooklyn, New York**
**February 3, 2010**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**